1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   Elbert O. Flores,                    )    No. CV-11-492-PHX-GMS
                                         )
10                 Plaintiff,            )    **ORDER**
                                         )
11   vs.                                 )
                                         )
12                                       )
     City of Phoenix, a municipal corporation)
13   of the State of Arizona,            )
                                         )
14                 Defendant.            )
    _____)
15

16

17          Pending before the Court is Defendant's Motion for Judgment on the Pleadings. (Doc.

18   12). For the reasons stated below, Defendant's motion is granted in part.

19                              **BACKGROUND**

20          The following facts are alleged in Plaintiff's Complaint and are taken as true for

21   purposes of this Order. Plaintiff Elbert O. Flores is a Native American and a member of the

22   Pascua Yaqui Tribe. He was employed by the Phoenix Police Department (the "Department")

23   for more than twenty years, and until 2010 had a "virtually unblemished work history." (Doc.

24   1, ¶ 9). On May 11, 2004, another member of the Phoenix Police Department, Sergeant

25   Norton, "mockingly referenced [Plaintiff's] status as a Native American police officer with

26   comments such as 'How is the *chief* of the night.'" (*Id.*, ¶ 11). Also on May 11, 2004,

27   Sergeant Norton and another officer, Officer Jesse Serrano, "hurtfully and ignorantly

28   attempted to mimic Native American song by chanting 'hey ya ya ya, hey ya ya ya' at Flores

in order to demean Flores." (*Id.*, ¶ 12). On June 16, 2004, Plaintiff lodged a formal complaint with his supervisor, Lieutenant Michael Cecchini, regarding Sergeant Norton's comments. Lieutenant Cecchini refused to take any corrective action. As a result, Plaintiff requested a formal investigation by the Department. On August 18, 2004, Commander William Campbell sent a letter to Plaintiff informing him that the Department had "concluded that the incident did not occur as alleged, and [had] closed the matter." (Doc. 1, ¶ 14). On September 27, 2004, Plaintiff "filed a charge with an Equal Opportunity Specialist." (*Id.*, ¶ 18). "Nevertheless, no remedial action was taken against either Sgt. Norton or Officer Serrano for the derogatory and hostile comments, and no action was taken against Lt. Cecchini or Cmdr. Campbell for their refusal to properly investigate Flores's complaint." (*Id.*, ¶ 19).

On March 17, 2010—approximately six years after Norton and Serrano's alleged comments—Plaintiff was approached by his superiors who "advised him that his employment was to be terminated forthwith" and offered him the opportunity to resign instead. In light of the impending termination, Plaintiff signed paperwork resigning his employment with the Department. Plaintiff was also subsequently given a Discipline Notice purporting to involuntarily terminate his employment because he had violated "Personnel Rules 21b3, 21b16, 21b18, Operations Orders 2.2.2(E)(1)(a), 3.13.2.D, 3.13.6.A(2), 4.6.1.B, 4.6.9.A(3)(a), 4.6.9.A(3)(b), 4.6.9.A(4), and unspecified provisions of the Employee Manual and Administrative Regulation 2.62." (Doc. 1, ¶ 26). Plaintiff appealed the Department's termination of his employment to the City of Phoenix Civil Service Board. On April 13, 2010, the Civil Service Board denied his appeal. On September 10, 2010, Plaintiff served a Notice of Claim upon the City pursuant to Arizona Revised Statutes § 12-821.01.

On March 14, 2011, Plaintiff filed his Complaint in the instant action, bringing claims against the City for race-based discrimination, retaliation, and intentional infliction of emotional distress. (Doc. 1). On July 13, 2011, the Complaint was served on the City. On August 1, 2011, the City moved to dismiss the Complaint for failure to state a claim. On February 1, 2012, the Court granted in part and denied in part the City's motion to dismiss; the Court dismissed Plaintiff's discrimination and IIED counts for failure to state a claim, but

1   held that Plaintiff had adequately pled his retaliation claim. (Doc. 9). On February 15, 2012,

2   the City filed its Answer to Plaintiff's Complaint. (Doc. 11). The City now moves for

3   judgment on the pleadings, seeking dismissal of Plaintiff's retaliation claim and/or dismissal

4   of Plaintiff's requests for declaratory relief.[1] (Doc. 12).

5                                      **DISCUSSION**

6   **I.    Legal Standard**

7          A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

8   12(c) "is properly granted when, taking all the allegations in the non-moving parties's

9   pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v.*

10  *County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*,

11  375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court

12  must accept as true all allegations in the plaintiff's complaint and treat as false the allegations

13  in the defendant's answer that contradict the plaintiff's allegations).  In other words, a motion

14  for judgment on the pleadings is evaluated under the same standards as a motion to dismiss

15  for failure to state a claim, and dismissal pursuant to Rule 12(c) is inappropriate if the facts

16  as pled would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall*

17  *& Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995).

18  **II.   Legal Analysis**

19         Plaintiff's only remaining cause of action against the City is his claim that the City

20  is liable under 42 U.S.C. § 1981 for retaliating against Plaintiff for opposing unlawful

21  discrimination. (Doc. 1, ¶ 51–55). The City contends that this retaliation claim fails as a

22  matter of law because Plaintiff has failed to allege that the retaliation was "caused by an

23  official policy or custom."[2] (Doc. 12 at 6–7).

24  _____

25         [1] Because Plaintiff's only remaining claim against Defendant will be dismissed, the

26  Court need not address Defendant's argument that Plaintiff does not have standing to seek
    declaratory relief.

27         [2] The City did not raise this argument in its August 1, 2011 motion to dismiss, and

28  therefore it was not addressed by the Court in its determination that Plaintiff had pled a valid

1     "[A] local government may not be sued under § 1983 [or § 1981] for an injury

2     inflicted solely by its employees or agents. Instead, it is when execution of a government's

3     policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly

4     be said to represent official policy, inflicts the injury that the government as an entity is

5     responsible." *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978).

6     *See also Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1215 (9th Cir.

7     1996) ("Because Congress made use of very similar language in enacting § 1981(c), we

8     conclude that it thereby intended to import into the new subsection the traditional 'policy or

9     custom' requirement set forth in Monell.").

10    Plaintiff contends that it has adequately pled an "official policy or custom" because

11    it attached to its Response "a report from [Plaintiff's private investigator] Clyde Schellenger,

12    which suggests that the Police Department has a policy of ignoring its internal policies and

13    standards to conduct sham investigations in an effort to retaliate against employees." (Doc.

14    13 at 8). As the Court stated in its February 1 Order, however, this report was not submitted

15    as part of the Complaint; nor is it a document upon which the Complaint necessarily relies

16    or a matter of public record. Accordingly, the Court will not consider the report in ruling on

17    Plaintiff's motion. *Lee v. City of Los Angeles* 250 F.3d 668, 688–689 (9th Cir. 2001).

18    Plaintiff has not identified any portion of the Complaint which alleges that the City has an

19    official policy or custom of retaliation, nor are there facts in the Complaint which make such

20    an official policy plausible. The Court will therefore dismiss Plaintiff's retaliation claim.

## CONCLUSION

22    For the reasons discussed above, Plaintiff has failed to state a valid § 1981 retaliation

23    claim.

24    _____

25    retaliation claim. (*See* Docs. 6, 9). The City's failure to raise the argument in its motion to
      dismiss, however, does not preclude the Court from considering this argument now. *See*

26    *Sprint Telephony PCS, L.P. v. County of San Diego*, 311 F. Supp. 2d 898, 905 (S.D. Cal.
      2004) (stating that although "defendants' failure to raise all of its arguments" in its initial

27    motion to dismiss was "sloppy," the Court could consider the new arguments raised in the

28    defendant's motion for judgment on the pleadings).

1    **IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 12)

2    is **granted in part.**

3    **IT IS FURTHER ORDERED** that should Plaintiff desire to file a motion for leave

4    to file an amended complaint, he shall do so **within 30 days** from the date of this Order. The

5    proposed amended complaint shall be attached to the motion for leave to amend and comply

6    with Federal Rules of Civil Procedure 15 and Local Rules of Civil Procedure 15.1.

7    **IT IS FURTHER ORDERED** that should Plaintiff fail to file a proposed amended

8    complaint **within 30 days** from the date of this Order, the Clerk of Court is directed to

9    terminate this action.

10    DATED this 22nd day of June, 2012.

11

12

13    G. Murray Snow
United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28